LYNCHBURG SIGN WORKS v. PIEDMONT PHONOGRAPH
COMPANY ET AL.

(Filed 4 December, 1918.)

**Vendor and Purchaser—Contracts—Delivery—Time Specified—Later Date—
Refusal of Acceptance—Time the Essence.**

Where a contract of sale and delivery of goods to the purchaser states the time upon which the seller shall deliver them, time is to be regarded as of the essence of the contract, and the purchaser may refuse to accept and pay for the goods tendered for delivery at a later date.

ACTION, tried before *Cline, J.,* at February Term, 1918, of CALDWELL.

A jury trial being waived, the court found the facts and rendered judgment for $80 for plaintiff. Appeal by defendant.

*M. N. Harshaw for plaintiff.*
*Squires & Whisnant for defendants.*

BROWN, J. The findings of fact declare that the defendants ordered, in writing, from plaintiff certain phonograph Edison signs, at the price of $80, to be shipped to defendants on 1 July. The goods were not shipped by plaintiff until 9 July, and arrived at Lenoir 14 July, when defendant refused to accept them. His Honor held that "time in this case is not of the essence of the contract to such an extent as to make shipment on 9th July a failure to comply with the contract and permit defendants to reject the shipment." In this ruling there is error.

It is generally held that if the contract specifies the time when delivery is to be made, time is of the essence of the contract; and if delivery is not made within the time agreed on, the buyer is not liable.

Mr. Elliott states the rule to be that "Time is usually of the essence of an executory contract for the sale and subsequent delivery of goods where no right of property in the same passes by the bargain from the vendor to the purchaser, and the rule in such cases is that the purchaser is not bound to accept and pay for the goods unless the same are delivered or tendered on the day specified in the contract." Elliott on Contracts, sec. 1552.

The rule is stated by the Supreme Court of the United States as follows: "In a mercantile contract, a statement descriptive of the subject-matter or of some material incident, such as the time or place of shipment, is ordinarily to be regarded as a warranty or condition precedent upon the failure or nonperformance of which the party aggrieved may repudiate the whole contract." *Filley v. Pope,* 115 U. S., 213; *Norrington v. Wright,* 115 U. S., 188.

Upon the facts found, judgment should be entered for defendant.

Reversed.